UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Civ. No. 15-1072-MV-SCY

MARK AUSTIN,
CATHERINE AUSTIN,
OCWEN LOAN SERVICING LLC,
INDYMAC F.S.B.,
ONEWEST BANK and
DISCOVER BANK,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Mark and Catherine Austin's ("Defendants") Provisional Answer to the Complaint, filed April 19, 2016 [Doc. 29]. Because the Court has construed Defendants' Provisional Answer to contain arguments that this Court lacks subject matter jurisdiction and/or that this Court is an improper venue, the Court treats Defendants' Provisional Answer as a Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or Improper Venue. The Court, having considered the motion, briefs, relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be denied.

## BACKGROUND

On November 24, 2015, the United States filed a Complaint against Defendants to recover delinquent taxes. [Doc. 1 at 1]. The United States asserts that Defendants owe the Internal Revenue Service ("IRS") $1,578,601.70 in delinquent taxes from 1999 through 2012, that Defendant Catherine Austin owes a civil penalty of $5,321.10, and that Defendants owe accruing interest and statutory additions. *Id*. at 2–3. The Complaint lists seven instances in

1

which the IRS sent a notice to Defendants demanding payment, to which Defendants did not respond. *Id*. at 3–4. The Complaint also states that in August 2000 and August 2002, Defendants acquired two properties, where they do not reside or have a homestead interest in, and that pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens arose and attached to these properties. *Id*. at 4–5. Throughout 2012 through 2014, the United States filed notices of federal tax lien against these two properties in the Office of the County Clerk in San Juan County, New Mexico. *Id*. at 5–6. In 2002, Defendants entered into a mortgage for one of the properties with IndyMac Bank F.S.B., which is serviced by Ocwen Loan Servicing. *Id*. at 6.

The Complaint lists three causes of action. First, the United States seeks to reduce the federal tax assessments amounting over $1.5 million to judgment, including interest and statutory additions. Second, the United States seeks a judgment foreclosing the federal tax liens on Defendants' two non-residential properties, as well as a deficiency judgment against Defendants. Third, if the United States must use the remedies under Subchapters B or C of the Federal Collections Procedure Act, the United States seeks an award of 10% surcharge as authorized under 28 U.S.C. § 3011. *Id*. at 6–8.

On January 7, 2016, Defendants filed an Answer [Doc. 13] stating that they "hereby confess the truth of the facts recited in the instant Complaint and admit the apparent truth of Plaintiff's allegations and right of action" but asserting that this Court does not have subject matter jurisdiction. *Id*. at 2. Defendants state that "[t]he Court has yet to disclose to Defendants under which particular form of law the Court is seated or the constitutional authority that gives the court the capacity to take jurisdiction and enter judgments orders, and decrees in favor of the United States arising from a civil or criminal proceeding regarding a debt, in San

Juan County, New Mexico—which omission constitutes a denial of due process of law." *Id*. at 4.

On January 8, 2016, Ocwen filed an Answer to the Complaint and a Crossclaim against Defendants for a judgment in the amount of the remainder of the mortgage, plus interest and any expenses undertaken by Ocwen, as well as a foreclosure of the property on which Ocwen has a lien. [Doc. 15]. The Court entered Default Judgments against IndyMac F.S.B., OneWest Bank and Discover Bank for failing to appear [Doc. 27]. On April 19, 2016, Defendants filed the instant "Provisional Answer to the 'United States' Complaint'" [Doc. 29], which, because the United States filed a Response on April 20, 2016 [Doc. 30], Ocwen filed a Response in Opposition to Defendants on May 6, 2016 [Doc. 31], and Defendants filed a Reply on May 9, 2016 [Doc. 32], the Court construes as a Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or Improper Venue. Defendants' Motion restates, using the same language from their original Answer, that the Court lacks subject matter jurisdiction or proper "constitutional authority." [Doc. 29 at 2].

## **DISCUSSION**

The Complaint states that this Court has subject matter jurisdiction pursuant to 26 U.S.C. §§ 7402 and 7403 as well as 28 U.S.C. §§ 1331, 1340, and 1345. [Doc. 1 at 1]. The Complaint also states that venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Defendants reside in and the property at issue is located in San Juan County, New Mexico. *Id*. at 1–2. The Court agrees that it has subject matter jurisdiction in this case and that venue is proper.

## I. Subject Matter Jurisdiction

Starting at first principles, so that Defendants clearly understand the source of this Court's authority, Article III of the Constitution grants the federal judiciary power over suits arising out of federal law and over suits in which the United States is a party. *See* U.S. Const. art. III § 2. Article II of the Constitution grants Congress the power to define the jurisdiction of courts that are "inferior" to the Supreme Court, including federal district courts. *See* U.S. Const. art. II § 1. Pursuant to this authority, Congress conferred on district courts jurisdiction to adjudicate matters arising under federal law, 28 U.S.C. § 1331, and specifically, "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." 28 U.S.C. § 1340. Furthermore, under 28 U.S.C. § 1345 "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

The instant Complaint seeks judgment on federal tax assessments. This Court is clearly authorized to issue such judgments under the above provisions as well as 26 U.S.C. § 7402(a) ("The district courts of the United States at the instance of the United States shall have such jurisdiction . . . to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."). The Complaint also calls for the enforcement of tax liens to foreclose two of Defendants' properties, which the Court is authorized to order under 26 U.S.C. § 7403(a):

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

Finally, the Complaint calls for enforcement of the government's entitlement to a surcharge under 28 U.S.C. § 3011, if applicable, which the Court has authority to enforce under 28 U.S.C. § 1340. Accordingly, because Congress has authorized the district courts to exercise subject matter jurisdiction over the causes of action stated in the Complaint, this Court has subject matter jurisdiction and will exercise adjudicatory authority over this case.

Defendants seem to argue that the above statutory provisions in which Congress grants original jurisdiction to federal district courts fail to demonstrate that this Court has constitutional authority over the instant case. *See, e.g.*, Doc. 29 at 3–4 (citing *Shoshone Mining Co. v. Rutter*, 177 U.S. 505, 513 (1900) for the proposition that "the mere fact that a suit is an adverse suit authorized by the statutes of Congress is not in and of itself sufficient to vest jurisdiction in the Federal courts."). However, *Shoshone Mining* is "an extremely rare exception to the sufficiency of a federal right of action." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 317 n.5 (2005). In *Shoshone Mining*, the Supreme Court considered a mining statute, U.S. Rev. Stat. § 2326, in which Congress' articulation of a cause of action was very open ended as to jurisdiction, stating only that proceedings should commence "in a court of competent jurisdiction. It did not in express language prescribe either a Federal or a state court, and did not provide for exclusive or concurrent jurisdiction. If it had intended that jurisdiction should be vested only in the Federal courts, it would undoubtedly have said so." *Shoshone Mining Co.*, 177 U.S. at 506.

The statute at issue in *Shoshone Mining* is wholly distinguishable from Congress' designations of federal district court jurisdiction in 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 7402, 7403. In these provisions, Congress does more than specify a cause of action "in a court of competent jurisdiction" by specifically stating that federal district courts shall have

5

jurisdiction. By explicitly stating that federal district courts shall have jurisdiction, these provisions clearly demonstrate Congress' intent to confer jurisdiction over the enforcement of internal revenue laws and federal tax liens to federal district courts.

In their reply brief, Defendants submit an elaborate discussion of purported canons of construction, presented to demonstrate that there are vague terms in these statutory provisions such that Congress' grant of jurisdiction is unenforceable. [Doc. 32 at 9–35]. Defendants argue that "Congress set about to evade and defeat the jurisdictional restrictions of the Constitution," *id*. at 13, by using the word "States" in a misleading and over expansive way when, according to Defendants' purported canons of construction, the term "States" can only refer to the territories and the District of Columbia. *Id*. at 17, 20–23. In light of the plain meaning of the jurisdictional provisions at issue, which courts have interpreted consistently, the Court finds no support for Defendants' argument. *See, e.g.*, *U.S. v. Wells Fargo Home Mortg.*, 631 Fed. Appx. 632, 634–35 (10th Cir. 2015) (finding that Congress has authorized the district court to exercise subject matter jurisdiction over an action brought by the United States to reduce unpaid tax liabilities to judgment and enforce tax liens by judicial sale of properties, under 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 7403(a)); *Christensen v. Ward*, 916 F.2d 1462, 1474 (10th Cir. 1990) (finding that 28 U.S.C. §§ 1340, 1345 confer jurisdiction on federal district courts and that 26 U.S.C. § 7402(a) " specifically confers jurisdiction on the district court over the issuance of orders, process and judgments under the tax code"); *U.S. v. Wyoming Nat. Bank of Casper*, 505 F.2d 1064, 1066 (10th Cir. 1974) (finding that subject matter jurisdiction is proper under 28 U.S.C. §§ 1340, 1345 in an action brought by the United States to enforce a tax levy); *U.S. v. Moskowitz, Passman & Edelman*, 603 F.3d 162, 165 n.4 (2d Cir. 2010) (citing 26 U.S.C. § 7403 for conferring

jurisdiction on federal district courts to hear cases brought by the federal government to enforce tax liens).

This Court has subject matter jurisdiction over the instant case. The Court's constitutional authority arises from Article III, which grants the federal judiciary power over cases arising under federal law and in which, as here, the United States is a party. Under Article II of the Constitution, Congress defines the scope of the original jurisdiction of federal district courts, and because Congress has explicitly stated that federal district courts have original jurisdiction over a case seeking judgment on federal tax assessments and foreclosure on federal tax liens, 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. §§ 7402, 7403, there can be no doubt that this Court has subject matter jurisdiction over the instant case. Defendants' argument that statutory authority fails to establish constitutional authority is misguided and fails to acknowledge that it is only in extremely unusual circumstances that a federal statute might provide for a cause of action but decline to confer subject matter jurisdiction on federal courts. The statutory provisions conferring the Court's subject matter jurisdiction here, however, are unequivocal. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied.

**II.     Venue**

Defendants seem to argue that 28 U.S.C. § 1340 fails to confer jurisdiction over a lien in San Juan County, New Mexico, specifically. [Doc. 29 at 3]. The United States addresses this as a potential argument of improper venue, and the Court will do the same. Under 28 U.S.C. § 1396, "[a]ny civil action for the collection of internal revenue taxes may be bought in the district where the liability for such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed." In addition to the fact that the two properties subject to federal tax liens are in New Mexico, by arguing that the Court's jurisdiction does not extend to

7

San Juan County, New Mexico, Defendants concede that their tax liability accrued in New Mexico. Furthermore, although Defendants assert on reply that their address in Farmington, New Mexico, is "for correspondence only, non-domestic without the U.S.," [Doc. 32 at 7], Defendants have not provided any evidence to the Court that they do not reside in New Mexico. It would appear that Defendants added this language to their signature block in order to avoid admitting that they reside in New Mexico, but without affirmatively demonstrating to the Court that they reside elsewhere. Accordingly, because Defendants likely reside in New Mexico and their tax liabilities accrued in New Mexico, venue is proper in the District of New Mexico.

## CONCLUSION

For the foregoing reasons, IT THEREFORE IS ORDERED that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or Improper Venue, filed as a "Provisional Answer" on April 19, 2016 [Doc. 29], is denied.

Dated this 12th day of June, 2017.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Ignacio Perez de la Cruz  Mark Everett Austin
U.S. Department of Justice, Tax Division  Catherine Bernadette Austin
*Attorney for Plaintiff*  *Pro Se Defendants*