# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             Civ. No. 15-1072 MV/SCY

MARK AUSTIN, and
CATHERINE AUSTIN,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Defendant Mark Austin failed to file income tax returns for multiple years, leading the Internal Revenue Service (IRS) to assess substantial tax liabilities. The United States filed this action to reduce to judgment the federal tax assessments against Mr. Austin plus civil penalty assessments against Mr. Austin and his wife, Catherine Austin, and to foreclose on real property Mr. and Mrs. Austin own in San Juan County, New Mexico.

On December 27, 2017, the United States moved for partial[1] summary judgment against Mr. Austin. Doc. 46. Mr. Austin filed a response on February 9, 2018 (Doc. 57), and the United States replied on February 12, 2018 (Doc. 58). On March 27, 2018, United States District Judge Martha Vazquez referred the motion to the undersigned for entry of proposed findings and a recommended disposition. Doc. 64. As set forth more fully below, I recommend the Court GRANT the United States' motion for partial summary judgment against Mr. Austin as to tax years 1999-2002, 2004-2005, 2009-2010 and DENY the motion as to tax year 2008.

---

[1] Although the United States filed this action against both Mr. and Mrs. Austin, this motion seeks "only summary judgment with respect to the approximately $1.8 million in Form 1040 income tax liabilities (tax, penalties and interest) owed by Mr. Austin." Doc. 46 at 1.

1

**I.     Factual Background**

The following facts are undisputed. On August 30, 2000, Mr. and Mrs. Austin purchased real property by warranty deed in San Juan County, New Mexico. Doc. 47-14. The warranty deed indicates that Mr. and Mrs. Austin purchased the property "as husband and wife." *Id*. The property (hereinafter "Anasazi Trail Property") has the following legal description:

> The Southwest Quarter of the Southeast Quarter of the Southeast Quarter of the Northeast Quarter (SW1/4SE1/4SE1/4NE1/4) of Section Twenty-Six (26) in Township Thirty (30) North of Range Thirteen (13) West, N.M.P.M., San Juan County, New Mexico.

*Id*. According to county tax records, Mr. and Mrs. Austin still own the Anasazi Trail Property. Doc. 47-15. Mr. and Mrs. Austin do not reside at or have a homestead interest in the Anasazi Trail Property. Doc. 29 (Answer) at ¶ 24.

Mr. Austin failed to file federal income tax returns for nine years: specifically, tax years 1999, 2000, 2001, 2002, 2004, 2005, 2008, 2009, and 2010. Doc. 47-1 (Certifications of Lack of Record for Form 1040).[2] Pursuant to its authority under 26 U.S.C. § 6020(b), the IRS prepared substitute returns. *See* Doc. 47-2 (Form 4340 Certification of Assessments, Payments, and other Specified Matters); Doc. 47-3 (Declaration of Ignacio Perez de la Cruz). The IRS issued Statutory Notices of Deficiency, which the United States has produced for all tax years at issue except tax year 2008. *See* Docs. 47-4 to 47-11 (Letters number 3219(SC/CG) and Forms 5564 "Notice of Deficiency-Waiver").

The IRS assessed that, as of November 6, 2017, Mr. Austin owed a total of $1,861,642.62 in unpaid federal income taxes and statutory additions (penalties and interest). *See* Doc. 47-12

---

[2] The United States submitted redacted certifications of lack of record for all tax years at issue, except 2000. *See* Doc. 47-1. The remaining evidence the United States submitted for tax year 2000 (the Form 4340 certificate, notice of deficiency, and tax transcript), however, establish that Mr. Austin did not file an income tax return in tax year 2000. Furthermore, Mr. Austin does not dispute that he failed to file income tax returns for the tax years at issue here, including 2000.

(Declaration of Sandra Davaz); Doc. 47-13 (IRS Account Transcripts). The IRS has filed notices of a federal tax lien with the San Juan County Clerk in connection with Mr. Austin's delinquent Form 1040 tax liabilities for the tax years at issue. Doc. 47-16. The following chart shows the IRS' assessment of Mr. Austin's Form 1040 liability for each year and the date it filed the notices of its federal tax liens.

| Tax Year | Assessment Date[3] | Amount due as of November 6, 2017[4] | Notice of Federal Tax Lien filed[5] |
|---|---|---|---|
| 1999 | October 2, 2006 | $369,579.98 | February 2, 2012 |
| 2000 | May 1, 2006 | $279,176.96 | February 2, 2012 |
| 2001 | May 8, 2006 | $159,684.73 | February 2, 2012 |
| 2002 | May 8, 2006 | $363,060.29 | February 2, 2012 |
| 2004 | June 4, 2007 | $172,295.45 | February 2, 2012 |
| 2005 | February 25, 2008 | $186,277.67 | February 2, 2012 |
| 2008 | March 19, 2012 | $118,053.40 | October 11, 2012 |
| 2009 | February 11, 2013 | $158,065.74 | March 8, 2013 |
| 2010 | September 1, 2014 | $55,448.40 | September 26, 2014 |
| **TOTAL**: | | **$1,861,642.62** | |

On November 24, 2015, the United States filed this lawsuit pursuant to 26 U.S.C. § 7401 seeking 1) to reduce to judgment the federal tax assessments against Mr. and Mrs. Austin, 2) to foreclose federal tax liens on property Mr. and Mrs. Austin own in San Juan County, including the Anasazi Trail Property, 3) obtain a sale of the property, 4) obtain a judgment for any amount remaining unpaid after the distribution and application of the property sale proceeds, and 5) award a 10%

---

[3] *See* Doc. 47-2 (Assessment dates from each Form 4340).
[4] These amounts are taken from the Account Transcripts. *See* Doc. 47-13. For each tax year, the amount listed corresponds to the assessed account balance as set forth in each Form 4340 plus accrued interest and penalties. *Id*.
[5] Doc. 47-16 (Notices of Federal Tax Lien).

surcharge if the United States must use the remedies under Subchapter B or C of the Federal Collections Procedure Act. *See* Doc. 1.

In addition to Mr. and Mrs. Austin, the United States named Ocwen Loan Servicing LLC, Indymac F.S.B., OneWest Bank, and Discover Bank as defendants because they may claim an interest in the property at issue in this lawsuit. *Id*. On March 16, 2016, the Court entered default judgment against Discover Bank, IndyMac F.S.B., and OneWest Bank. Doc. 27. Thereafter, the parties agreed to dismiss Ocwen Loan Servicing, LLC with prejudice under Fed. R. Civ. P. 41(a)(1)(ii) (Doc. 56), leaving Mr. and Mrs. Austin as the only two remaining defendants in this action. As noted earlier, the United States is now seeking summary judgment solely as to Mr. Austin. *See* Doc. 46, at n.1 ("Granting of this motion for partial summary judgment allowing foreclosure of a property valued at under $50,000 would make the judgments for the $5,000 penalties (including the one against Mrs. Austin) largely irrelevant.").

## II. Legal Standards

Summary judgment is appropriate if the United States shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the United States meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to Mr. Austin to set forth specific facts showing that there is a genuine issue for trial. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). The Court views the facts in the light most favorable to Mr. Austin as the non-moving party and draws all reasonable inferences in his favor. *See Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013). The Court also construes Mr. Austin's pro se pleadings liberally. *See Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013). Nonetheless, pro se parties must follow the same rules of procedure as other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218

(10th Cir. 2007). The Court will not supply additional factual allegations or construct a legal theory on Mr. Austin's behalf. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).

**III.     Analysis**

In its summary judgment motion, the United States asks the Court to: (1) enter judgment against Mr. Austin in the amount of $1,861,642.62 for delinquent Form 1040 tax liabilities plus interest and any other statutory additions provided by law from November 6, 2017; (2) find that the United States' federal tax liens attach to the Anasazi Trail Property; and (3) allow the United States to foreclose its tax liens against the property. *See* Doc. 47 at 8-9.

In support of its summary judgment motion, the United States has submitted three categories of documents concerning Mr. Austin's unpaid Form 1040 income tax liabilities.[6] First, for all tax years at issue, the United States has submitted certified copes of IRS Form 4340, "Certification of Assessments, Payments, and other Specified Matters," which disclose the fact, date, and assessed amount of Mr. Austin's unpaid taxes, penalties, and interest. *See* Doc. 47-2. Second, for all tax years at issue, the United States has submitted transcript reports the IRS prepared to show interest accruals through November 6, 2017. *See* Doc. 47-13. Third, for all tax years at issue except 2008, the United States has submitted copies of redacted Letters number 3219(SC/CG) and Forms 5564 statutory "Notice of Deficiency-Waiver". *See* Docs. 47-4 to 47-11. Although the United States acknowledges it has not produced a notice of deficiency for tax year 2008, it does not otherwise explain in its briefing what, if any, consequences flow from its failure to produce this notice. Doc. 47 at 2, 4; *see Guthrie v. Sawyer*, 970 F.2d 733, 735 (10th Cir. 1992) (explaining procedural requirements for notice of deficiency in the tax collection process). As the Court understands it, in this case, the IRS was required to send a deficiency

---

[6] The summary judgment record also includes the declarations of counsel for the United States and IRS personnel. *See* Docs. 47-3 and 47-12.

5

notice to Mr. Austin for all tax years at issue, including tax year 2008, before it could proceed to assess liability for unpaid taxes. *See Cropper v. Comm'r of Internal Revenue*, 826 F.3d 1280, 1285 (10th Cir. 2016) ("The IRS must send a deficiency notice to the taxpayer's 'last known address by certified mail or registered mail before it assesses liability for unpaid taxes." (citing 26 U.S.C. § 6212(a), (b)(1)). Although the United States may have been able to point to other evidence in the summary judgment record, such as the Form 4340 for tax year 2008, to demonstrate that the 2008 deficiency notice was mailed to Mr. Austin, it did not do so. *See, e.g.*, *Cropper*, 826 F.3d at 1287 (pointing to entries in Forms 4340 as further evidence establishing that the IRS properly mailed deficiency notices to taxpayer); *Long v. United States*, 972 F.3d 1174, 1181 (10th Cir. 1992) (noting in a parenthetical that the certificate of assessments and payments provide sufficient proof of adequacy and propriety of notices and assessments absent evidence to the contrary); *United States v. Goodman*, 2012 WL 3155824, at *4 (D.Colo. 2012) (unpublished) ("The 'notice' entries on the Forms 4340 demonstrate that adequate notice and demand was made and carry a presumption of correctness."); *Leathers v. Leathers*, 2013 WL 1873275, at *7 (D. Kan. 2013) (unpublished) (noting that "the Form 4340 entries showing that statutory notices were sent are sufficient, absent any contrary evidence, to meet the Government's burden to show that notices were in fact sent by certified or registered mail."). Because the United States carries the burden of proof and has not demonstrated that the IRS properly mailed the 2008 deficiency notice, I propose finding that the United States has not established a valid tax assessment for tax year 2008. *See Cropper*, 826 F.3d at 1285 ("If the IRS fails to prove that it properly mailed a deficiency notice, any tax assessment based on that notice is invalid."). On this basis, I recommend denying the United States' motion with regard to tax year 2008.

I now turn to consider the United States' arguments in favor of summary judgment as to the remaining tax years at issue (1999-2002, 2004-2005, and 2009-2010).

1. **Tax Assessments**

To prevail on its claim to reduce the federal tax assessments to judgment, the United States must first establish a *prima facie* case by showing "a timely assessment of the tax due, supported by a minimal evidentiary foundation, at which point a presumption of correctness arises." *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir.1991) (internal citations omitted). The opposing party, Mr. Austin in this case, must then produce substantial evidence to overcome the presumption. *Id*.

The IRS Form 4340 is "routinely used to prove that tax assessment has in fact been made" and is "presumptive proof of a valid assessment."[7] *Guthrie*, 970 F.2d at 737 (internal quotation marks omitted); *see also Long*, 972 F.3d at 1181 ("For purposes of granting summary judgment, a Certificate of Assessments and Payments is sufficient evidence that an assessment was made in the manner prescribed by [applicable regulations]."). "If a taxpayer does not present evidence indicating to the contrary, a district court may properly rely on the forms to conclude that valid assessments were made." *Guthrie*, 970 F.3d at 737-38; *see Long*, 972 F.2d at 1181 n.9 ("[T]he taxpayer has the burden of going forward with evidence and the burden of persuasion to overcome the presumption attaching to the Forms 4340."). In this case, I recommend finding that the certified copies of the IRS Forms 4340 in the summary judgment record are presumptive proof that Mr. Austin was properly assessed income tax liabilities for tax years 1999-2002, 2004-2005, 2009-2010, and that they establish a prima facie case of liability. *See Ford v. Pryor,* 552

---

[7] In addition, although Mr. Austin does not challenge their admissibility, IRS Forms 4340 are admissible under the public-record hearsay exception under rule 803(8) of the Federal Rules of Evidence. *James v. United States*, 970 F.2d 750, 755 (10th Cir. 1992) (stating that "IRS Certificates of Assessments and Payments are admissible public records sufficient to establish that notices and assessments were properly made") (internal quotation marks and citation omitted)).

F.3d 1174, 1178-79 (10th Cir. 2008) ("Courts, including this one, have held that a Summary Record Assessment, provided on Form 4340, is presumptive proof of a valid assessment.") (internal citation omitted).

Mr. Austin has not presented any evidence to rebut the presumptive correctness of the IRS Forms 4340 and account transcript reports the United States submitted. In fact, in his response, Mr. Austin did not set forth any "specific facts showing there is a genuine issue for trial" nor did he raise any arguments concerning the amount of his tax liability. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Rather, Mr. Austin solely raised tax protestor/"non-filers" arguments concerning whether he is liable at all and questioning this country's tax system. Mr. Austin claims that he "has no illusions about the probable outcome" of this case nor he does believe he "would be successful in any legal or factual challenge" to the summary judgment motion. Doc. 57 at 2-3. Mr. Austin further maintains that this Court has no jurisdiction over him as he serves a "higher authority", but in the interest of judicial economy, he offers to quit-claim the Anasazi Trail Property "upon proof of claims" by the United States. *Id.* at 3. Towards that end, he attaches affidavits asking the United States to provide proof of various tax law principles. *Id.* at 6-27.

The Court has previously rejected Mr. Austin's jurisdictional argument. *See* Mem. Op. and Order, filed June 12, 2017 (Doc. 39). The tax-protestor type arguments raised in Mr. Austin's brief and accompanying affidavit have likewise been rejected by the Tenth Circuit as "completely lacking in legal merit and patently frivolous." *See Scott v. Comm'r of Internal Revenue*, 696 F. App'x 928, 929 (10th Cir. 2017) (unpublished) (quoting *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990). I am not persuaded by Mr. Austin's arguments and recommend that the Court reject his arguments in light of the following authority:

> As the cited cases, as well as many others, have made abundantly clear, the following arguments . . . are completely lacking in legal merit and patently frivolous: (1) individuals ("free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc.") are not "persons" subject to taxation under the Internal Revenue code; (2) the authority of the United States is confined to the District of Columbia; (3) the income tax is a direct tax which is invalid absent apportionment, and *Pollock v. Farmers' Loan & Trust Co.*, 157 U.S. 429, . . . *modified*, 158 U.S. 601 . . . (1895), is authority for that and other arguments against the government's power to impose income taxes on individuals; (4) the Sixteenth Amendment to the Constitution is either invalid or applies only to corporations; (5) wages are not income; (6) the income tax is voluntary; (7) no statutory authority exists for imposing an income tax on individuals; (8) the term "income" as used in the tax statutes is unconstitutionally vague and indefinite; (9) individuals are not required to file tax returns fully reporting their income; and (10) the Anti–Injunction Act is invalid.
>
> To this short list of rejected tax protester arguments we now add as equally meritless the additional arguments made herein that (1) the Commissioner of Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws, including power to issue summons, liens and levies, because of invalid or nonexistent delegations of authority, lack of publication of delegations of authority in the Federal Register, violations of the Paperwork Reduction Act, and violations of the Administrative Procedure Act, including the Freedom of Information Act; and (2) tax forms, including 1040, 1040A, 1040EZ and other reporting forms, are invalid because they have not been published in the Federal Register.

*Lonsdale*, 919 F.2d at 1448.

> Although Mr. Ford objects to being called a tax protester, he is appropriately designated a tax protester because he protests the legality of the income tax, and his arguments stem from this position. For example, he argues that income taxes do not apply to him, . . ., he is not required to file tax returns on Form 1040, . . ., he is not required to comply with an IRS form that is obsolete and lacks an OMB number, . . ., defendant Pryor issued administrative summonses without delegated authority, . . ., and he is not subject to the income tax because he is a "non resident alien to the political jurisdiction of the United States," . . . . Such tax-protester arguments have long been held to be lacking in legal merit and frivolous.

*Ford v. Pryor*, 552 F.3d at 1177 n.2; *see also id*. at 1179 (holding that tax protester's argument that "Form 4340 is invalid because it reflects his social security number and shows his name in all capital letters is wholly frivolous.").

Based on the foregoing, I propose finding that the United States has met its prima facie burden on summary judgment as to its first claim and that Mr. Austin has not shown any genuine issue of material fact with respect to the assessments made against him. I therefore recommend finding that the United States is entitled to judgment against Mr. Austin in the amount of $1,743,589.22,[8] as of November 6, 2017, for delinquent Form 1040 tax liabilities for tax years 1999-2002, 2004-2005, and 2009-2010.

2. **Foreclosure**

Under 26 U.S.C. § 6321, "if any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." The lien arises at the time the assessment is made. 26 U.S.C. § 6322. Here, the United States has established the tax liability underlying the lien for tax years 1999-2002, 2004-2005, and 2009-2010. Liens therefore arose against Mr. Austin's property on the various dates the assessments were made for these tax years: October 2, 2006; May 1, 2006; May 8, 2006; June 4, 2007; February 25, 2008; February 11, 2013; and September 1, 2014.

The United States contends that Mr. Austin owns the Anasazi Trail Property. In support, it attached warranty deeds filed in San Juan County on September 11, 2000, conveying the property to Mr. Austin and his wife. Mr. Austin does not deny that he owns the property. The evidence thus shows that Mr. Austin has a valid interest in the Anasazi Trail Property to which the liens have attached. The liens were valid against purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors under 26 U.S.C. § 6323(a) & (f) as of the date the United States filed sufficient notice. The United States filed Notices of Federal Tax Lien with

---

[8] This amount corresponds to the total amount of delinquent tax liability the United States sought in its motion ($1,861,642.62) minus the amount due for tax year 2008 ($118,053.40).

the County Clerk in San Juan County on February 2, 2012; March 8, 2013; and September 26, 2014.

Because Mr. Austin has not rebutted the United States' evidence, I propose finding that the United States is entitled to foreclose the federal tax liens against the Anasazi Trail Property to satisfy Mr. Austin's delinquent Form 1040 income tax liabilities for tax years 1999-2002, 2004-2005, and 2009-2010. I therefore recommend granting the United States' motion for summary judgment on its second claim and ordering foreclosure on Mr. Austin's property in San Juan County.

## IV. Conclusion

For the reasons stated above, I recommend that the Court grant the United States' Motion for Partial Summary Judgment against Mark Austin (Doc. 46). Accordingly, I recommend that:

1. the Court enter judgment in favor of the United States for $1,743,589.22, plus any interest, penalties, and other statutory additions accruing from November 6, 2017 under applicable law; and

2. the United States may, in accordance with applicable law, proceed with foreclosure proceedings on the Anasazi Trail Property in San Juan County, New Mexico.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**