IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                        Civ. No. 15-1072 MV/SCY

MARK AUSTIN, and
CATHERINE AUSTIN,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on the United States' Opposed Motion for Entry of Order of Foreclosure. Doc. 69. On September 5, 2018, United States District Judge Martha Vazquez referred oversight of the foreclosure proceedings to the undersigned. Doc. 68. Defendants Mark and Catherine Austin did not file a response to the motion and the time to do so has now passed. For the reasons set forth below, I recommend **granting** the motion.

**I.**     **Analysis**

Under this district's Local Rule 7.1(b), "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). According to the Tenth Circuit, "local rules of practice, as adopted by the district court, have the force and effect of law, and are binding upon the parties and the court which promulgated them. . . ." *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980) (citation and quotation omitted). "Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, [the Tenth Circuit] has repeatedly insisted that pro se parties follow the same rules of

procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal citations, quotation marks, and alterations omitted).

In this case, the United States filed its motion for entry of an order of foreclosure on October 1, 2018 and noted that Defendants opposed the motion. Doc. 69 at 4. Defendants were properly served with a copy of the motion both electronically and via mail. *Id*. To date, Defendants have not filed a response to the motion and the time to do so has now passed. *See* D.N.M.LR-Civ. 7.4(a) (responses to written motions must be served and filed within fourteen (14) calendar days after service of the motion); Fed. R. Civ. P. 6(d) (allowing an additional three (3) days when service is made under Fed. R. Civ. P. 5(b)(2)(C)-(F)). The Court will accordingly construe Defendants' lack of a response to the motion as consent to the granting thereof.

Moreover, having reviewed the motion and the proposed Order of Foreclosure and to Vacate (Doc. 69-1) attached to the motion, I find that the proposed order complies with the requirements of 28 U.S.C. §§ 2001(a), 2002, and 2004 and is reasonable. The order directs Mr. and Mrs. Austin and any other occupants to vacate the property within 30 days of entry of the order. The order strictly adheres to the requirements of 28 U.S.C. §§ 2001(a) and 2002 as to the location of the sale and notice by publication. All other terms and conditions of the proposed sale seem reasonable and fall within the Court's broad discretion for setting those terms and conditions. *See United States v. Branch Coal Corp.*, 390 F.2d 7, 10 (3d Cir. 1968) ("Congress has authorized the federal judiciary to use sound discretion in setting the terms and conditions for judicial sales.").

II.     Conclusion

**IT IS THEREFORE RECOMMENDED** that:

1. the Court GRANT the United States' Motion for Entry of Order of Foreclosure (Doc. 69); and

2. the Court enter the Order of Foreclosure and to Vacate (Doc. 69-1).[1]

*Steve Yarbrough*
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

[1] The dates suggested in the proposed order will be modified to accommodate the 14-day objection period.